UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LARRY HORSTING, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:  3:14-cv-00052 |
| | ) |
| NATIONAL OFFICE FURNITURE, INC. | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  Nature of the Case

1.      Plaintiff, Larry Horsting ("Horsting"), brings this Complaint against Defendant, National Office Furniture, Inc., ("Defendant"), for their discrimination against him based on his disability in violation of the American with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et. seq., and for their violation of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 et seq.

### II.  Parties, Jurisdiction and Venue

2.      Defendant is a corporation doing substantial business in the Southern District of Indiana.

3.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 29 U.S.C. §2617(a)(2) and 42 U.S.C. § 12117.

4.      Horsting is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c).  At all relevant times, Defendant had knowledge of Horsting's disability and/or it regarded Horsting as being disabled and/or Horsting has a record of being disabled.

5.      Horsting, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

6.      Defendant is an "employer" within the meaning of 29 U.S.C. §2611(4) and 42 U.S.C. § 12111(5)(A).

7.      Horsting satisfied his obligation to exhaust his administrative remedies having timely filed a U.S. Equal Employment Opportunity Commission Charge alleging disability discrimination and retaliation against Defendant.  Horsting received his Notice of Suit Rights and timely files this action.

8.      All events, transactions, and occurrences pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

### III.  Factual Allegations

9.      Horsting was hired by the Defendant in October of 1991 and previously served as a Team Leader, Quality Team Member, Safety Team Member and Trainer until 2008.  In 2008, after Horsting made the Defendant aware of his disability and filed his FMLA paper work, he was demoted to a Laborer position.  Horsting remained in the Laborer position until the date of his resignation on March 11, 2013.

10.     At all times relevant, Horsting met or exceeded the Defendant's legitimate performance expectations.

11.     Horsting suffers from chronic depression, anxiety and attention deficit hyperactivity disorder.

12.     Throughout his employment with the Defendant, Horsting received occasional disciplinary actions for a variety of reasons such as cellular phone usage, time sheet issues and

for missing work.  Horsting states similarly-situated individuals without a disability and who had

not exercised their rights under the FMLA were not disciplined for similar actions.

13.     Horsting had previously applied for and been approved for intermittent leave

under the FMLA from every calendar year from 2008 to 2013 due to his disabilities.

14.     Horsting would occasionally have to exercise his intermittent FMLA rights and

miss work due to his disabilities.

15.     On March 4, 2013, Horsting was summoned to an office meeting with his

supervisor, Jason Campbell ("Campbell") and a Human Resources representative, Judy

Brousseau ("Brousseau"), and was informed that he was being provided a disciplinary action for

violating the company policy regarding possessing a weapon in the workplace.

16.     The alleged weapon at issue was a pair of wooden martial arts nun-chucks that

Horsting had been working on in the facility as a personal project for his young son and had been

in the facility for over two months and had been viewed and handled by numerous other

individuals, including Team Leads.

17.     Similarly-situated non-disabled individuals and/or individuals who have not

exercised their rights under the FMLA have not been disciplined for working on personal

projects or for having engaged in similar conduct.

18.     Horsting was also informed that if he received one further disciplinary action of

any kind, he would be immediately terminated from his employment with the Defendant.

19.     The ongoing discriminatory disciplinary actions and recent threat against his

employment had a great effect on Horsting and he became concerned that he would be injured on

the job.  As a result, Horsting resigned his employment on March 11, 2013.  At the time of his

resignation, he informed the Human Resources department for the Defendant that he felt he had been singled out and discriminated against.

20.     Horsting was disciplined and threatened with termination due to his disability in violation of the ADA and in retaliation for exercising his FMLA rights in violation of the FMLA.

### IV.  Legal Allegations

### Count I. ADA – Discrimination

21.     Horsting hereby incorporates paragraphs one (1) through twenty (20) of his Complaint as if the same were set forth at length herein.

22.     Defendant violated Horsting's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et seq. by discriminating against him and threatening him with termination based on his disability.

23.     Defendant's actions were intentional, willful and in reckless disregard of Horsting's rights as protected by the ADA.

24.     Horsting has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### Count II. FMLA-Retaliation

25.     Horsting hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint as if the same were set forth at length herein.

26.     Defendant unlawfully retaliated against Horsting for exercising his rights under the FMLA by disciplining him, threatening his employment and subjecting him to less favorable terms and conditions in his employment.

27.     Defendant's actions were intentional, willful and in reckless disregard of Horsting's rights as protected by the FMLA.

28.     Horsting suffered damages as a result of Defendant's unlawful actions.

## V. **Requested Relief**

WHEREFORE, Plaintiff, Larry Horsting, by counsel, respectfully requests that this Court find for Plaintiff and:

1.      Permanently enjoin Defendants from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability;

2.      Reinstate the Plaintiff to his former position or award front pay in lieu thereof;

3.      Order that the Plaintiff be awarded any back pay he would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4.      Award the Plaintiff compensatory damages, consequential damages, and lost wages and benefits in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5.      Award the Plaintiff punitive damages;

6.      Award the Plaintiff liquidated damages under the FMLA;

7.      Award the Plaintiff his attorney fees, litigation expenses and costs incurred as a result of this action;

8.      Award the Plaintiff pre- and post-judgment interest on all sums recoverable;

9.      Grant such other relief as may be just and proper.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:     (812) 424-1000
Facsimile:     (812) 424-1005
Email:          baylsworth@bdlegal.com

*Attorneys for Plaintiff, Larry Horsting*

## DEMAND FOR JURY TRIAL

The Plaintiff, Larry Horsting, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:     (812) 424-1000
Facsimile:     (812) 424-1005
Email:          baylsworth@bdlegal.com

*Attorneys for Plaintiff, Larry Horsting*